CLINGENPEEL *v.* HILL.

1. MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT TAKES AWAY DEFENSES OF CONTRIBUTORY NEGLIGENCE AND ASSUMPTION OF RISK—EMPLOYER'S NEGLIGENCE MUST BE PROXIMATE CAUSE. Although an employer who has not come within the provisions of the workmen's compensation act is deprived of the defenses of contributory negligence and assumption of risk, in an employee's action for injuries, he is not liable unless he was guilty of negligence which was the proximate cause of the injuries.

[1]Workmen's Compensation Acts—C. J. §§ 157, 158, 159.

2. SAME—NEGLIGENCE—QUESTION FOR JURY.

In an action by an employee for injuries received while
employed in shingling a roof, when an alleged defective
wooden shingle to which a toe hold was nailed gave way,
precipitating him to the ground, whether the employer
was negligent in failing to use tin shingles for the toe
hold, and in failing to properly inspect the shingles used
for this purpose, *held*, for the jury.

3. SAME — EMPLOYER SHOULD INSPECT SHINGLES USED IN CON-
STRUCTING TOE HOLD.

The court properly instructed the jury that it was the
duty of the employer to exercise reasonable care in the
selection of the shingles used in constructing the toe hold,
to the end that a defective one might not be employed.

4. SAME—TRIAL—INSTRUCTIONS AS TO NEGLIGENCE AND PROXIMATE
CAUSE PROPER.

The charge of the court on the question of the employer's
negligence, *held*, not open to the objection that certain
portions of it might have led the jury to believe that
the only thing to be considered was whether or not the
employer was guilty of negligence, without reference to
the question of proximate cause.

Error to Ingham; Carr (Leland W.), J.    Submitted
February 2, 1927.    (Docket No. 72.)    Decided May
3, 1927.

Case by George Clingenpeel against Fred E. Hill for
personal injuries.    Judgment for plaintiff.    Defend-
ant brings error.    Affirmed.

*Smith, Hunter & Spaulding*, for appellant.

*William C. Brown* (*D. G. F. Warner*, of counsel),
for appellee.

SNOW, J.    Plaintiff, a carpenter, while in the employ
of defendant, a contractor engaged in the construction
of a two-story frame house in Lansing, and who had
not elected to come within the provisions of the work-

²Master and Servant, 39 C. J. §§ 1325, 1340; ³Id., 39 C. J. §§
441, 442, 1411; ⁴Id., 39 C. J. § 1409.

men's compensation law, was severely injured when he fell from the roof while assisting his employer in laying shingles. The defendant had fastened a two-by-four scantling by means of two wood shingles nailed to the scantling and the roof, which was to act as a brace or toe hold for the shinglers so they might do their work without slipping or falling. While plaintiff was putting on shingles and using this toe hold, one of the shingles by which it was fastened broke, allowing the end of the scantling to slide down, thereby precipitating him to the ground and causing his injuries. The declaration charges defendant with failing to provide plaintiff a safe place to work, and negligently constructing and placing the toe hold, so that one of the shingles supporting it broke, thereby causing plaintiff's fall. Defendant reviews on writ of error judgment in plaintiff's favor. He principally contends that the evidence affirmatively shows that he used ordinary care and was reasonably prudent in constructing the toe hold for the use of plaintiff, and that there was no evidence to go to the jury on the question of negligence.

While defendant was not within the provisions of the compensation law, and while the questions of contributory negligence and assumption of risk are therefore out of the case, still he is not liable for plaintiff's injury unless it is established that he was guilty of negligence which was its proximate cause. But we are of the opinion that the evidence produced by plaintiff made a *prima facie* showing against defendant of negligence, which properly became a question of fact for the jury. Plaintiff's proof showed that defendant was working with him, but on another section of the roof, when the fall occurred, and had himself selected the shingles used for the toe hold, and had prepared and attached them to the roof for the use of plaintiff. He used wood shingles for this pur-

pose, notwithstanding plaintiff suggested to him the use of tin. The wood shingle gave way and permitted the scantling to drop. Defendant admitted to plaintiff, after the accident, that the shingle was cross-grained and broke in two, and that he was to blame for the accident, and would see him through. Plaintiff also testified that it was not customary for carpenters to use wood shingles in constructing these toe holds, and that he himself always used tin. The proof offered by plaintiff is not without dispute, but it was for the jury, which might well have found, and did find, that the defendant was negligent in failing to properly inspect the shingles used by him in constructing the toe hold furnished for the use of plaintiff, and that had he made such inspection he could easily have selected one which was not defective and liable to break, and could thereby have avoided the accident. The court properly instructed the jury that it was the duty of defendant to exercise reasonable care in the selection of the shingles used, to the end that a defective one might not be employed.

Defendant further contends that the jury was not properly instructed with reference to proximate cause. In this respect the following instruction was given:

"If he (defendant) was guilty of negligence and the accident and the injury to the plaintiff came as the proximate result of such negligence then the defendant is liable."

Counsel concede this a correct statement of the law, but say that other portions of the charge on the question of negligence might have led the jury to believe that the only thing to be considered was whether or not the defendant was guilty of negligence. We do not think such an impression was conveyed by the charge, as there was no claim by the defendant at any time (nor could there well have been) that plaintiff's fall was caused by any other agency than the

breaking of the toe hold.    There was no error in this respect.

Assignments on the admission and rejection of testimony have been examined and found to be without merit.

Judgment affirmed, with costs to plaintiff.

SHARPE, C. J., and STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.    BIRD, J., did not sit.